# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| DOUGHERTY FUNDING, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-CV-2213-JWL |
| | ) | |
| GATEWAY ETHANOL, LLC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

This matter comes before the court upon defendant's Motion for Limited Jurisdictional Discovery, Discovery Out of Sequence and Extension of Time (Doc. 4).  Specifically, defendant seeks to conduct limited written discovery regarding the membership of Dougherty Funding LLC in order to ascertain if diversity jurisdiction, the only basis of subject matter jurisdiction claimed by plaintiff, exists.  Plaintiff has not filed a response to the instant motion and pursuant to D. Kan. Rule 6.1(d) the time to do so has passed.

### Standard

Generally, unless the parties agree otherwise or upon authorization of the court, "a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]"[1]  However, the court may exercise its broad discretion and alter the timing, sequence, and amount of discovery.[2]  To that end, "Rule 26(d) of the Federal Rules of Civil Procedure allows a court to order expedited discovery upon a showing of 'good cause.'"[3]

### Discussion

After a review of defendant's motion, the court finds good cause exists to permit limited discovery regarding the citizenship of the members of plaintiff LLC.  Courts in the District of

---

[1]Fed. R. Civ. P. 26(d).

[2]*Alpine Atl. Asset Mgmt A.B. v. Comstock*, No. 07-2595-JWL, 2008 U.S. Dist. LEXIS 16401, at *4  (D. Kan. March 3, 2008)(citing *Qwest Communs. Int'l Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003)(citing Fed. Rule vic. P. 26(b)(2) and 26(d)).

[3]*Koch Carbon, LLC v. Isle Capital Corp.*, No. 05-1010-MLB, 2006 U.S. Dist. LEXIS 36962 (D. Kan. 2006) (citing *Pod-Ners, LLC v. Northern Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002)).

Kansas have found expedited discovery warranted in similar situations, such as permitting limited discovery regarding the issue of venue.[4]  Indeed, because plaintiff did not file a response to the instant motion, the court finds granting the limited preliminary discovery advocated by defendant would only minimally, if at all, prejudice plaintiff.[5]   Finally, because plaintiff has not filed a response to this motion within the time specified by Rule 6.1(d), as a general rule "the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."[6]

Accordingly, for good cause shown,

IT IS THEREFORE ORDERED that defendant's Motion for Limited Jurisdictional Discovery, Discovery Out of Sequence and Extension of Time (Doc. 4) is granted.

IT IS FURTHER ORDERED that the written discovery submitted by defendant as attachments to the instant motion falls within the narrow scope of the discovery permitted under this order and may therefore be served upon plaintiff.

IT IS FURTHER ORDERED that defendant's deadline to answer or otherwise respond to plaintiff's complaint is extended to **August 13, 2008**.[7]

IT IS SO ORDERED.

Dated this  5th  day of June, 2008, at Topeka, Kansas.

 s/ K. Gary Sebelius   
K. Gary Sebelius
U.S. Magistrate Judge

---

[4] *Comstock*, 2008 U.S. Dist. LEXIS 16401, st *4.

[5] *Id.*

[6] D. Kan. Rule 7.4

[7] Defendant asks the court to extend its deadline to answer or otherwise respond to plaintiff's complaint "until the limited discovery is completed."  *See* Memorandum in Support of Motion (Doc. 5) at p. 3.  However, the court is not inclined to grant open-ended extensions of time.  The August 13, 2008 deadline should afford the parties enough time complete the limited discovery at issue.